D'AMBROSIO et al. v. RUSSO et al.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

1. SALES ☞391—CONSIDERATION FOR CONTRACT—MUTUAL AGREEMENTS.

If, as claimed, it was a provision of a contract for the sale of a business that a down payment might be retained by the sellers in case of the buyer's failure to pay the balance of the purchase price, there was ample consideration in the mutual agreements of the parties for such provision, whether or not the sum retained might be regarded technically as liquidated damages.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1110–1127; Dec. Dig. ☞391.]

2. SALES ☞391—DEFAULT BY BUYER—RECOVERY OF DOWN PAYMENT.

If, as claimed by the sellers of a business, the buyers were in default with respect to the payment of a balance due on the purchase price, they had no standing to recover a down payment, whether or not under the contract the sellers were entitled to retain such payment as liquidated damages.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 110–127; Dec. Dig. ☞391.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Tomaso D'Ambrosio and another against Francesco Russo and another. From a judgment for plaintiffs, after a trial by a judge without a jury, defendants appeals. Reversed, and new trial granted.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Fischer, Wolf & Villamena (George Wolf, of Brooklyn, of counsel), for appellants.

Charles M. Kiefer, of New York City, for respondents.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BIJUR, J. Plaintiffs claim to have made an agreement with defendants for the purchase of an ice business, upon the following terms: The price was fixed, and plaintiffs deposited with defendants $200 on account. Plaintiffs were to be permitted to go into possession at once, and remain eight days, and, if dissatisfied, they might withdraw from the transaction and receive back their $200, for which this action is brought. Defendants, on the other hand, claim that the sale was absolute, with a payment of $200 down and the balance to be paid a week thereafter, with a provision that, if the balance should not be so paid, the defendants might retain the $200 as "liquidated damages."

Plaintiffs' proofs did not quite accord with the complaint, being to the effect, not that plaintiffs might withdraw from the transaction if they did not like the business, but that defendants had made certain representations as to the earning capacity of the business and as to their possession of a written lease of the premises, which plaintiffs claim to be untrue. Defendants admitted the making of a representation of the quantity of business done, denied the other representations, and offered to prove that the representation made by them has been shown to be true. They also gave proof of a contract according to the terms set out in their answer. In all these points they were substantially corroborated by two disinterested witnesses.

[1] As a question of fact the record as it stands discloses a strong preponderance in favor of defendants. When defendants' counsel, at the close of the entire case, moved to dismiss the complaint on the ground among others that it appeared affirmatively that plaintiffs had not lived up to the conditions of the bargain and that they themselves had agreed that defendants could keep the $200 as "liquidated damages" the learned judge below remarked:

"There is no consideration for such an agreement. Judgment for the plaintiffs for $200."

In this the court was in error. Without entering upon a consideration of the question whether this sum might be regarded technically as "liquidated damages," there was ample consideration in the mutual agreements of the parties for any of the terms agreed to by either side.

[2] But apart from that, if defendants are to be believed, plaintiffs, being in default in the performance of their agreement as a whole, have no standing to recover a part payment on account thereof.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.